UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDWARD HINNEH-BEDIAKO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 23-10519-ADB |
| | * | |
| DEPARTMENT OF UNEMPLOYMENT | * | |
| INSURANCE (DUA), | * | |
| | * | |
| Defendant. | * | |

ORDER

BURROUGHS, D.J.

*Pro se* plaintiff Edward Hinneh-Bediako has filed a complaint [ECF #1] against the

Massachusetts Department of Unemployment Assistance ("DUA") in which he alleges that the

agency wrongfully rejected his application to participate in the Training Opportunities Program

("TOP").[1]  For the reasons stated below, the Court will dismiss this action without prejudice for

lack of jurisdiction.

According to Hinneh-Bediako, DUA rejected his TOP application because he would be

unable to finish his selected program within two years.  Comp. at 4.  He also claims that the

DUA Review Examiner "affirmed the denial, counting the two-year completion time

requirement for TOP, from the postmark date of [his] TOP application."  *Id.*  Hinneh-Bediako

represents that he "appealed to the Board Review, who dismissed [his] appeal . . . [and] failed to

even consider [his] disabilities."  *Id.*  He asks that the Court grant him "26 weeks of employment

insurance for the TOP program to enable [him] to complete [his] Bachelor of Science Degree in

---

[1] According to a webpage of the Commonwealth of Massachusetts, the Training Opportunities
Program "allows [an individual] to collect unemployment benefits while attending a full-time,
approved training for new job skills."  https://www.mass.gov/training-opportunities-program-top
(last visited April 10, 2023).

Genetics at Texas A&M university, given [his] military service-connected disabilities, and the coursework already completed." *Id.*

Upon review of the complaint, the Court concludes that it does not have jurisdiction over this matter. The Eleventh Amendment of the United States Constitution is generally recognized as a bar to suits in federal courts against a State, its departments, and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).

Here, the Court cannot discern any claim for relief against the DUA for which the Commonwealth of Massachusetts has waived its immunity or for which Congress has overridden the state's immunity. Under M.G.L. ch. 151A, § 42, a person seeking judicial review of an administrative decision denying unemployment compensation must file a civil action in a state district court. In enacting this statute, the legislature of the Commonwealth of Massachusetts gave state district courts, not federal district courts, jurisdiction to review the decisions of the defendant.[2]

Hinneh-Bediako cites 26 C.F.R. § 301.7502-1(c)(ii) in support of his invocation of the Court's federal question subject matter jurisdiction. *See* Compl. at 3. This is a federal regulation promulgated by the Internal Revenue Service concerning the timeliness of a payment or document sent to that agency. It has no applicability to this action.

---

[2] The Court notes that, under M.G.L. ch. 151A, § 42, a civil action for review of a decision by the DUA must be filed within 30 days of the date the decision in question was mailed to the aggrieved party (or within 30 days of the date an appeal is deemed denied). Whether this 30-day limitations period can be tolled is not a matter for this Court.

Accordingly, this action is DISMISSED without prejudice for lack of jurisdiction. Judicial review of the DUA's decision may only be had in a state court.  The *in forma pauperis* motion shall be terminated as moot and no filing fee is assessed.


IT IS SO ORDERED.


April 10, 2023                                              /s/ Allison D. Burroughs
                                                              ALLISON D. BURROUGHS
                                                              U.S. DISTRICT JUDGE